IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, as Agent for Autobahn Funding Company, LLC,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 10-02126-JAR-JPO |
| **ALL GENERAL LINES INSURANCE, LLC, et al.,** ) ) | |
| **Defendants.** ) ) | |

## MEMORANDUM AND ORDER

Plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank ("DZ Bank") filed this loan enforcement action against numerous defendants. Pending before the Court is the Motion for Change of Venue as to Defendants, Save on Michigan Insurance Agency, Inc. ("SOMIA"), and The Universe Financial Agency, Inc. ("UFA") (Doc. 9), seeking transfer of the claims against them to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons explained in detail below, the Court denies defendants' motion.

**I.   Background**

The following allegations are taken from plaintiff's Amended Complaint. Until its corporate parent, Brooke Corporation, filed bankruptcy on October 28, 2009, Brooke Credit Corporation ("Brooke Credit"), a Delaware corporation, was in the business of making loans to franchisees of Brooke Capital Corporation ("Brooke Capital") and Brooke Capital's predecessor Brooke Franchise Corporation, to enable franchisees to purchase their insurance businesses from

Brooke Capital or other sellers. Brooke Credit originated loans to defendants, including SOMIA and UFA. Brooke Credit transferred the loans to Brooke Credit Funding, LLC ("BCF"), which pledged the loans to DZ Bank as part of a securitized loan facility. The loan agreements contain a forum selection clause, which provides that "jurisdiction and venue for any dispute arising under or in relation to this Agreement will lie only in Kansas with the Phillips County District Court, Phillipsburg, Kansas, or the U.S. District Court having jurisdiction over Phillips County Kansas."[1]

On or about October 30, 2008, BCF, Brooke Credit, and DZ Bank entered into a Surrender of Collateral Agreement ("Surrender Agreement"), wherein BCF and Brooke Credit acknowledged that BCF was in default and surrendered the collateral as partial satisfaction for BCF's and Brooke Credit's obligations. DZ Bank alleges SOMIA and UFA have breached the loan agreements and DZ Bank is entitled to assert its collateral rights against them as a direct assignee of BCF and an indirect assignee of Brooke Credit.[2]

Brooke Credit was originally headquartered in Overland Park, Kansas, and has subsequently been renamed Aleritas Capital Corporation. SOMIA is a Michigan corporation with its principal place of business in Howell, Michigan. UFA is a Michigan corporation with its principal place of business in Livonia, Michigan. DZ Bank is a credit institute of the German cooperative banking system with its principal place of business in Frankfurt, Federal Republic of Germany.

---

[1] (Doc. 19, Exs. D, E).

[2] Counts 31, 32, 35 and 36 are alleged against SOMIA and UFA.

**II.    Analysis**

A motion to transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The court has broad discretion to decide motions to transfer based on an individualized, case-by-case review of convenience and fairness.[3] In so doing, the court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make trial easy, expeditious and economical.[4]

The moving party bears the burden of proving the existing forum is inconvenient.[5] Merely shifting the inconvenience from one side to the other is not a permissible justification to change venue.[6]

Defendants request the Court transfer the claims against them to the United States District Court for the Eastern District of Michigan because it would be more convenient for the

---

[3]*Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188, 1193 (D. Kan. 2005) (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

[4]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[5]*Id.*

[6]*Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

parties, the non-party witnesses, and the interests of justice would be better served. DZ Bank counters that the forum selection clause should be enforced in this case to allow it to litigate similar claims against multiple defendants in the same location, a right that it acquired as assignee of BCF's and Brooke Credit's rights. DZ Bank further argues that Kansas is a reasonable forum, even in the absence of a forum selection clause.

*Forum Selection Clause*

Where a party is requesting transfer of the claims subject to a forum selection clause, the Supreme Court has instructed district courts to consider the forum selection clause along with weighing the other § 1404(a) factors.[7] When a forum selection clause is present, it will be "a significant factor that figures centrally in the district court's calculus."[8] The Supreme Court has directed that a forum selection clause, "which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in section 1404(a)."[9]

Defendants concede there is a forum selection clause in their loan agreements, but argue it should bear little weight in deciding whether to transfer their claims because none of the transactions at issue have a significant connection to Kansas. In their reply brief, defendants expand their argument to assert that DZ Bank has failed to prove that it was an indirect assignee of Brooke Credit entitled under Article 3 of the Uniform Commercial Code to enforce the forum selection clause at issue. Specifically, defendants contend that DZ Bank has failed to prove that

---

[7]*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

[8]*Id*.

[9]*Id.* at 31.

4

Brooke Credit transferred its loans to BCF before DZ Bank acquired the loans from BCF. This argument, raised for the first time in the reply brief, is characterized as one of defendants' "primary defenses" in this action.

Generally, a forum selection provision is "prima facie valid" and "a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."[10] To defeat a contractual forum selection clause, the inconvenience must be "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice."[11] Defendants do not directly attack the forum selection clause in the loan agreements, as they do not argue the clause was obtained by fraud or overreaching by Brooke Credit, or that the clause itself was invalid, unreasonable, or unenforceable, but instead, indirectly attack the clause by disputing the assignment of the underlying loan documents containing the clause.

This Court typically does not consider arguments raised for the first time in the reply brief.[12] Defendants clearly couched their argument with respect to the forum selection clause as going to the weight the Court should attach to it, not its enforceability; any claim that this new argument was necessitated by DZ Bank's reliance on the forum selection clause in its response is disengenuous. Nevertheless, application of the rules regarding forum selection clauses presuppose the existence of a contract in the first place. By arguing that the assignment of the

---

[10]*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992); *see Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974).

[11]*Riley*, 969 F.2d at 958.

[12]*Becker v. Securitas Sec. Servs. USA, Inc.*, No. 06-2226-KHV-DJW, 2007 WL 677711, at *4 & n.17 (D. Kan. Mar. 2, 2007) (collecting cases); *see also Codner v. United States*, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994); *Medina v. City of Osawatomie*, 992 F. Supp. 1269, 1273 (D. Kan. 1998).

underlying loan documents is not enforceable, defendants have intertwined the issue of enforcement of the forum selection clause with the merits of this case, which is not in a posture for decision in the limited context of this motion for transfer. The Court need not address the enforceability of the forum selection clause at this time, however, because the balancing factors applicable under § 1404(a) weigh in favor of denying transfer.

### *Plaintiff's Choice of Forum*

Plaintiff's choice of forum receives great weight.[13] "[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[14] Furthermore, § 1404(a) "encompasses consideration of the parties' private expression of their venue preferences."[15]

Defendants argue that these factors should bear little weight because the loan documents have no significant connection to Kansas. DZ Bank is a German credit institution, with a domestic office located in New York, and any payments made to it would be directed to New York. Defendants do not conduct business, have offices, or own property in Kansas, and their key officers reside in Michigan. Any funds extended to defendants were expended in Michigan. Defendants argue that any property lien DZ Bank may claim under the loan documents is located in Michigan, and any financing statement would be filed with Michigan's Secretary of State.

The parties dispute whether the loan agreements were negotiated and/or executed in Michigan or Kansas. Nevertheless, these matters of inconvenience were apparent at the time

---

[13]*Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F. Supp. 2d 569, 572 (D. Kan. 2000).

[14]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[15]*Black & Veatch*, 123 F. Supp. 2d at 581 (quoting *Stewart Org., Inc.*, 487 U.S. at 29).

6

defendants negotiated the loan agreements, which "presumably included the forum selection clause to conserve resources should litigation become necessary."[16] Although Brooke Credit, the original lender, is not a party to the present litigation, the uniformity among Brooke Credit's loan agreements weighs in favor of recognizing the forum selection clauses contained therein. Brooke Credit was located in Kansas at the time the loan agreements were entered, making Kansas a reasonable forum. Therefore, DZ Bank's chosen forum—Kansas—receives great deference.

### *Convenience for Witnesses*

Defendants identify thirty-one witnesses they may call in the case of trial, all but two of whom reside outside of Kansas. Defendants indicate these witnesses may have pertinent testimony, but nothing is said about the quality or materiality of the potential testimony they would offer. Many of the witnesses identified are either former Brooke franchisees, whose relevance to this lawsuit is unknown, or employees of Brooke Capital, the entity that sold the franchise rather than the entity that executed the loan agreements. The Tenth Circuit has held that some showing of materiality of witness testimony must be supplied to demonstrate the requisite inconvenience to defendants' witnesses under § 1404(a).[17] Furthermore, defendants give no indication whether these witnesses might be willing to testify in this matter. Therefore, this factor bears little weight in the Court's calculus.

Defendants attach two affidavits by Matthew W. Ikle, the sole shareholder, director and officer of SOMIA, and Rabih E. Hamawi, the sole shareholder, director, and officer of UFA.

---

[16]*Id.* at 580 (holding that the parties' chosen forum should be given great deference).

[17]*Scheidt*, 956 F.2d at 966; *Suhor Indus. v. Fed. Ins. Co.*, No. 08-2417-JWL, 2009 WL 212055, at *3 (D. Kan. Jan. 23, 2009).

7

Defendants indicate that both men will not voluntarily travel to Kansas for litigation in this matter unless compelled by subpoena or other court order. Although defendants indicate that such persons may escape the subpoena power of a trial court in Kansas, it appears both men are either parties to this litigation or defendants' officers. Both were signatories on the loan agreements. Therefore, the Court can compel their attendance.[18]

DZ Bank responds that, after the necessary discovery, it intends to call Brooke Credit employees from Kansas to testify. In essence, there are witnesses located in both Michigan and Kansas that either party may want to call. "Changing the forum to accommodate the party with the most potential witnesses results merely in shifting the burden from one party to the other and is an improper reason to transfer venue."[19] Although both parties—and other defendants in this action who are located in other states—may have limited subpoena power in the present forum, DZ Bank requests that suit remain in Kansas. Because defendants have not provided sufficient facts to show that this forum would hinder defendants' ability to obtain a fair trial, this factor bears little weight in the Court's consideration.

### *Access to Evidence and Costs of Litigation*

Defendants argue the expense of litigating the case in Kansas will be greater than the expense of litigating the case in Michigan for both DZ Bank from New York and defendants from Michigan. Defendants state that the parties' proof will be more accessible if trial were in Michigan. Because the majority of defendants' non-party witnesses are located in either

---

[18]*See* Fed. R. Civ. P. 45(c)(3)(A)(ii) and (e); *Meek & Assocs., Inc. v. First Union Ins. Group*, No. 99-2519-CM, 2001 WL 58839, at *3 (D. Kan. Jan. 18, 2001) (noting that a Kansas court "may be able to compel the attendance of employees of the defendants").

[19]*Meek & Assocs., Inc.*, 2001 WL 58839, at *4.

8

Michigan or New York, the cost for witnesses to travel will also be reduced if the action were in Michigan.

Defendants do not identify what evidence they believe will be necessary to trial and, other than travel expenses, do not identify what costs they anticipate they would incur in transporting that evidence to Kansas. DZ Bank concedes there will be added expense for defendants to travel outside Michigan. However, without more than conclusory allegations, this factor does not weigh in favor of transfer to Michigan.

*Controlling Law and Interests of Justice*

Defendants note that the choice-of-law provision in the loan documents will require the Court to apply Kansas law to the interpretation and enforcement of the contracts. Defendants contend, however, that DZ Bank's claims for breach of contract and enforcement of collateral rights are simple contract issues under Kansas law that could be easily decided by a federal court in Michigan. DZ Bank agrees. This factor, therefore, is neutral.

Defendants further argue that Michigan residents have a vested interest in this case superior to Kansas residents. When an out-of-state party seeks to assert rights to property in Michigan as against a Michigan corporation that does business solely in Michigan, the jury should be selected from among Michigan residents, as they have a greater interest in the outcome of the litigation. DZ Bank contends Kansas has an equally compelling interest in ensuring a consistent approach under Kansas law to Kansas commercial contracts. Whether Michigan's interest in protecting its property rights or Kansas' interest in interpreting and enforcing its commercial contracts bears more weight, is not for this Court to decide. The competing interests of the two forums make this factor neutral.

9

*Enforceabiliy of a Judgment*

Defendants argue that any judgment DZ Bank might obtain against defendants' property interests in Michigan would require the application of Michigan state law, especially as it relates to whether a security interest has been properly perfected. This argument is without merit. To the same extent a Michigan court is equipped to apply Kansas state law, a Kansas court is equipped to apply Michigan state law. This factor, therefore, is neutral.

Defendants further argue that any judgment obtained against defendants' property in Michigan would require DZ Bank to file documents in the United States District Court for the Eastern District of Michigan to make such judgment enforceable.[20] The Court considers this factor neutral as well, as defendants have not shown that this post-judgment requirement creates a significant inconvenience for the parties in the present proceeding.[21]

*Other Lawsuits Filed by the Parties*

In its reply brief, defendants argue for the first time that DZ Bank has filed three other lawsuits in Michigan—against different defendants, but relating to similar loan agreements with identical forum selection provisions—evidencing that Michigan is a convenient forum for DZ Bank's claims.[22] The Court finds this argument largely irrelevant. Whether parties to another contract waive certain contract rights in a separate lawsuit has little bearing on the appropriate

---

[20]*See* 28 U.S.C. § 1963.

[21]*See Home Port Rentals, Inc., v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001) (noting that one of the purposes of enacting § 1963 was to "spare creditors and debtors alike both the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained.") (quoting S. Rep. No. 1917 (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142).

[22]*DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Jefferson*, 09-CV-12572 (E.D. Mich.); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Gill*, 09-CV-12574 (E.D. Mich.); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Smith*, 09-CV-12578 (E.D. Mich.).

venue for this action. The defendants in that action are equally entitled to file a motion to enforce the forum selection clause.

In its response, DZ Bank notes that SOMIA and UFA filed a previous lawsuit—later dismissed—in the District of Kansas on the basis of events surrounding the loan agreements in this case.[23] By filing claims against Brooke Credit (the signatory on the loan agreements) and subsequently joining DZ Bank as a defendant, SOMIA and UFA admitted that Kansas was an appropriate venue to resolve matters relating to their loan and franchise agreements. In essence, DZ Bank argues that SOMIA and UFA should be estopped from now arguing that Kansas is an inconvenient forum. Although the parties vigorously dispute whether SOMIA and UFA were challenging the loan agreements or the franchise agreements in the prior lawsuit, the Court finds it relevant that SOMIA and UFA filed a complaint against Brooke Credit and DZ Bank in the District of Kansas challenging a series of financial transactions that are presently being disputed before this Court. This factor weighs in favor of Kansas as a convenient forum for the present litigation.

*Severance and Judicial Economy*

Defendants do not specifically request severance, but their motion for transfer implicitly requires it.[24] DZ Bank alleges claims against twenty defendants, but only SOMIA and UFA have moved for transfer of the four claims against them. In asking the Court to transfer those claims to the Eastern District of Michigan, the Court must sever the four claims and two defendants

---

[23]*Aldridge v. Aleritas Capital Corporation*, No. 2:09-cv-02178-CM-KSG (D. Kan.). "Brooke Credit Corporation" had been renamed "Aleritas Capital Corporation" at this time.

[24]*See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) (holding that "[s]ection 1404(a) only authorizes the transfer of an entire action, not individual claims," unless those claims are severed under Fed. R. Civ. P. 21).

from the present litigation.²⁵ Neither party argues that joinder of SOMIA and UFA was improper. Rather, defendants state merely that their claims are "independent" of DZ Bank's claims against the other defendants.²⁶

Fed. R. Civ. P. 21 gives "district courts discretion to sever any claim against a party and proceed with the claim or claims separately."²⁷ The court can "sever unrelated claims and afford them separate treatment when to do so would be in the interest of some of the parties," would serve the interests of justice, and would further the prompt and efficient disposition of litigation.²⁸ The court weighs the potential prejudice to the movant if severance is denied against the potential prejudice to the nonmovant if severance is granted.²⁹ "When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic."³⁰ "A logical relationship exists if there is some nucleus of operative facts or law."³¹ "Even when venue is proper as to all defendants, the court may sever a claim against a party and transfer it to

---

²⁵*Id.* at 1519 ("When transferring a portion of a pending action to another jurisdiction, district courts must first sever the action under Rule 21 before effectuating the transfer.").

²⁶(Doc. 10 at 13.)

²⁷*Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003).

²⁸*Id.*

²⁹*Id.* at 624.

³⁰*Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996) (internal citations omitted) (citing *Sutton Hill Assoc. v. Landes*, No. 87 Civ. 8452, 1988 WL 56710, at *2 (S.D.N.Y. May 25, 1988), *Spencer White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974)). In *Old Colony*, the court denied severance because the issues were "inextricably intertwined with the remainder of the action." *Id.*

³¹*MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004) (citing *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993)).

a more convenient forum."[32] Severance and transfer are only appropriate on rare occasions.[33]

Although the claims against defendants are not "inextricably intertwined" with DZ Bank's other claims, they do arise out of nearly identical loan documents and may involve common questions of law and fact. DZ Bank contends that retaining the case as a single action will allow it to raise pretrial arguments relating to all parties in a single proceeding. Other than inconvenience, defendants do not identify any prejudice or delay that would result if their claims were not severed.[34] By severing defendants' claims and transferring them to Michigan, DZ Bank would be required to prosecute two actions rather than one even though the contract terms are nearly identical and require the application of Kansas law. Transfer is not appropriate if it merely shifts the inconvenience from one party to the other.[35] Because severance and transfer would prejudice plaintiff, this factor weighs against transfer. Furthermore, severance would require "duplicitous use of scarce judicial resources," would risk inconsistency by requiring different courts to review similar contracts and defenses, and would potentially impede judicial efficiency by requiring duplicate pretrial motions practice.[36]

The Court finds that the § 1404(a) factors, even without consideration of the forum selection clause, weigh in favor of retaining defendants' claims in the present forum rather than

---

[32]*Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 624 (D. Kan. 2003) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §1689 (3d ed. 2003) (citing *Fed. Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218 (10th Cir. 1996))).

[33]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) (citing 3A Moore's Federal Practice ¶ 21.05[2] at 43–44).

[34]Although the parties dispute the merits of the *res judicata* argument plaintiff intends to assert if the action proceeds as a single case, SOMIA and UFA have not identified a single defense they intend to assert that might be prejudiced by their joinder with other defendants.

[35]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

[36]*See MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 458 (E.D. Tex. 2004).

13

the United States District for the Eastern District of Michigan. Because defendants have failed to meet their burden to establish that the existing forum is inconvenient, their motion is denied.[37]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to File a Surreply to Respond to Two Arguments Raised for the First Time in Reply (Doc. No. 21) of Certain Defendants in Support of their Change of Venue Motion (Doc. 22) is **GRANTED**;

**IT IS FURTHER ORDERED** that defendants' Motion for Change of Venue as to Defendants, Save on Michigan Insurance Agency, Inc., and The Universe Financial Agency, Inc. (Doc. 9) is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 10, 2010

                                     S/ Julie A. Robinson
                                     JULIE A. ROBINSON
                                     UNITED STATES DISTRICT JUDGE

---

[37]*See Victor Co., L.L.C. v. Ortho Organizers, Inc.*, 932 F. Supp. 261, 263 (D. Kan. 1996) ("To prevail in a motion to transfer, the moving party must show the balance of factors weighs heavily in favor of transfer.") (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).