IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DZ BANK AG DEUTSCHE ZENTRAL-  )
GENOSSENSCHAFTSBANK,          )
                              )
           Plaintiff,         )
                              )
v.                            )          No. 10-2126-CM
                              )
ALL GENERAL LINES INSURANCE,  )
LLC, et al.,                  )
                              )
           Defendants.        )
_____)

## MEMORANDUM AND ORDER

On December 5, 2012, plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank ("DZ Bank"), as agent for Autobahn Funding Company LLC ("Autobahn"), filed a motion for summary judgment against pro se defendant Diane Williams (Doc. 121). The response deadline was December 26, 2012. Defendant failed to timely file a response.

On February 20, 2013, the court issued a show cause order, requiring defendant to show cause in writing why defendant failed to timely file a response to plaintiff's motion, and file a response to plaintiff's motion. The show cause order stated that if defendant failed to fully comply with its show cause order, the court would likely consider plaintiff's motion as uncontested pursuant to Local Rule 7.4(b), and grant it without further notice to defendant. The court gave defendant until March 6, 2013, to comply with its show cause order. Defendant failed to respond to the court's order.

Local Rule 7.4(b) provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified . . . waives the right to later file such brief or memorandum." The Local Rule also states that if a party fails to timely file a responsive brief, the court considers and decides the motion as uncontested, and will usually grant the

-1-

motion without further notice. D. Kan. Rule 7.4(b). In motions for summary judgment, "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purposes of summary judgment unless specifically controverted by the statement of the opposing party." *Id.* at 56.1(a).

However, "[i]t is improper to grant a motion for summary judgment simply because it is unopposed." *Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR, 2012 WL 4359060, at *1 (D. Kan. Sept. 24, 2012) (internal quotation omitted). The court must determine "whether the moving party has sufficient basis for judgment as a matter of law." *Id.* (citing *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (citation omitted)).

This is a breach of contract case in which DZ Bank, an assignee, seeks damages from defendant as a result of her alleged default under a promissory note properly due and payable to DZ Bank. To succeed on a breach of contract claim, the plaintiff must meet the following elements: (1) the existence of a contract between the parties; (2) sufficient consideration; (3) performance by the plaintiff or willingness to perform under the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach. *City of Andover v. Sw. Bell Tel., L.P.*, 153 P.3d 561, 565 (Kan. Ct. App. 2007).

Plaintiff's motion for summary judgment is supported by the affidavit of Jayan Krishnan, which addresses all of the necessary elements for a breach of contract action. Plaintiff's motion also includes defendant's answer to the amended complaint, defendant's responses to plaintiff's request for admissions, the promissory note at issue, the Agreement for Advancement of Loan ("Agreement"), and other loan documents. Plaintiff attached the affidavit of Michael W. Debre to support its claim for attorneys' fees and costs.

First, plaintiff has put forth evidence that defendant executed the loan in question. Plaintiff has also pointed to evidence that it is a valid assignee of defendant's loan and has full ownership rights to the loan. Second, plaintiff has shown sufficient consideration for the loan, as defendant was loaned $253,197.12 to refinance her then-existing debt, in exchange for defendant's promise to make payments under the loan. Plaintiff then put forth evidence of its subsequent acquisition of defendant's loan. Third, plaintiff has shown that it has fully performed its obligations under the loan. Fourth, plaintiff provided evidence that defendant breached the loan by failing to make timely payments. Finally, plaintiff has shown that it has suffered damages as a result of defendant's breach.

As to plaintiff's claim for attorneys' fees, the court has reviewed the request for fees and finds that the billed hours and fees are reasonable. *See Wilkinson v. I.C. Sys., Inc.*, No. 09-2456-JAR, 2011 WL 5304150, at *2 (D. Kan. Nov. 1, 2011) (explaining that the "lack of a response does not foreclose review and analysis of the request for fees"). Paragraph 16 of the Agreement entitles plaintiff to its attorneys' fees and costs based on defendant's breach. (Docs. 122-1 at 7, ¶33, 122-4 at 11, ¶16.) *See Terra Venture Inc. v. JDN Real Estate-Overland Park, LP*, 242 F.R.D. 600, 602 (D. Kan. 2007) (citing *Wilkerson v. Brown*, 995 P.2d 393, 395 (Kan. Ct. App. 1999)) (explaining that under Kansas law an award of attorneys' fees is allowed if authorized by express contractual agreement).[1]

As stated above, plaintiff attached the affidavit of Michael W. Debre, an associate attorney at Askounis & Darcy, P.C., to support its claim for attorneys' fees and costs. The affidavit states that the total amount of attorneys' fees incurred in this case as to all twenty defendants amounts to $106,348.00. The affidavit proposed dividing the attorneys' fees among the defendants in equal amounts, and the court agrees that this method is appropriate and equitable. Thus, plaintiff seeks

---

[1] Kansas law governs the award of attorneys' fees in this case because the court has diversity jurisdiction and because the Agreement includes a Kansas choice-of-law provision. *See In re King Res. Co.*, 651 F.2d 1349, 1353 (10th Cir. 1981) (explaining that in diversity cases "attorney fees are determined by state law and are substantive for diversity purposes").

attorneys' fees from defendant Williams in the amount of $5,317.40, which represents 1/20th of the total amount. Although the court would prefer more than a conclusory statement, the affidavit does state that the hourly rates charged in this case are "within the normal standards of the legal community for the type of services performed," and court has no reason to doubt this assertion. After reviewing the hourly billing rates charged by plaintiff's attorneys, the hourly billing records, and the other information attached to the affidavit, the court is satisfied that the amount of attorneys' fees requested by plaintiff from defendant Williams is fair and reasonable.

Plaintiff also makes a claim for the costs it incurred in this case. But plaintiff must comply with Local Rule 54.1 in making its claim for costs. Accordingly, the court will not grant plaintiff's claim for costs.

All material facts set forth by plaintiff are deemed admitted for the purposes of summary judgment against defendant, as defendant did not specifically controvert them as required under Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.1(a). Upon review of the material facts, the court determines that plaintiff has met its burden to show the absence of a genuine issue of material fact. The court will not make arguments for defendant. *See Boldridge v. Tyson Foods, Inc.*, No. 05-4055-SAC, 2007 WL 1299197, at *2–3 (D. Kan. May 2, 2007). This is true even in light of defendant's pro se status. *See Orr v. Riederer*, No. 10-1303-CM, 2010 WL 5391522, at *2 (D. Kan. Dec. 21, 2010) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*.")). Accordingly, plaintiff is entitled to summary judgment as a matter of law.[2]

---

[2] Defendant failed to file an amended answer to plaintiff's amended complaint. As such, she has not raised any affirmative defenses other than those stated in her original answer. Because defendant has not provided any support for her affirmative defenses, she has failed to present any valid defenses for her failure to perform under the loan.

Plaintiff's claim is against defendant in the principal amount of $253,001.66, plus interest in the amount of $60,578.16, and attorneys' fees in the amount of $5,317.40, for a total judgment in the amount of $318,897.22.[3] The exhibits attached to plaintiff's motion are incorporated into this order to provide the support for these amounts. The court grants summary judgment in plaintiff's favor in the amount of $318,897.22.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 121) is granted.

**IT IS FURTHER ORDERED** that plaintiff is entitled to entry of judgment against defendant Williams in the principal amount of $253,001.66, plus interest in the amount of $60,578.16, and attorneys' fees in the amount of $5,317.40, for a total judgment in the amount of $318,897.22.

Dated this 20th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[3] Plaintiff requests a total judgment in the amount of $318,942.77. Because the court will not grant plaintiff's request for costs in the amount of $45.55, this amount has been deducted, and the total judgment amount is $318,897.22.