**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DZ BANK AG DEUTSCHE ZENTRAL-** | ) | |
| **GENOSSENSCHAFTSBANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 10-2126-CM |
| | ) | |
| **ALL GENERAL LINES INSURANCE,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

On January 9, 2013, plaintiff DZ Bank AG Deutsche Zentral-Genossenschaftsbank ("DZ Bank"), as agent for Autobahn Funding Company LLC ("Autobahn"), filed a motion to reinstate as to pro se defendant Janie Serrato and for entry of judgment against Serrato (Doc. 124).  Defendant failed to timely file a response.

On February 20, 2013, the court issued a show cause order, requiring defendant to show cause in writing why defendant failed to timely file a response to plaintiff's motion, and file a response to plaintiff's motion.  The show cause order stated that if defendant failed to fully comply with its show cause order, the court would likely consider plaintiff's motion as uncontested pursuant to Local Rule 7.4(b), and grant it without further notice to defendant.  The court gave defendant until March 6, 2013, to comply with its show cause order.  Defendant failed to respond to the court's order.

Local Rule 7.4(b) provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified . . . waives the right to later file such brief or memorandum."  The Local Rule also states that if a party fails to timely file a responsive brief, the court considers and decides the motion as uncontested, and will usually grant the

motion without further notice.  D. Kan. Rule 7.4(b).  The court will, however, consider the merits of plaintiff's motion.

On November 28, 2011, plaintiff and defendant entered into a Settlement Agreement, Stipulation for Entry of Judgment and Release ("Settlement Agreement").  On April 2, 2012, pursuant to the Settlement Agreement, the parties filed a joint motion to dismiss under Federal Rule of Civil Procedure 41(a)(2), stipulating that plaintiff's claims against defendant should be dismissed without prejudice, and that defendant's counterclaims against plaintiff should be dismissed with prejudice.  On May 22, 2012, the court granted the joint motion to dismiss.[1]  The court's order expressly stated that "this Court shall retain jurisdiction over the parties to enforce the terms of the settlement agreement[ ] . . .." entered into by plaintiff and defendant.  (Doc. 108 at 1.)

The Settlement Agreement required defendant to pay $33,600.00 in eighty-four monthly payments of $400.00 beginning on December 1, 2011, and continuing through November 1, 2018. Defendant made four payments of $400.00 and three partial payments of $200.00, for a total of $2,200.00, but she failed to make the remainder of the payment due on May 1, 2012, and all payments due thereafter.  Failure to make a timely payment is defined as an "Event of Default" under Paragraph 4 of the Settlement Agreement.  (Doc. 124-1 at 7.)

Upon an Event of Default, the Settlement Agreement gives plaintiff the right to enter judgment against defendant.  Defendant stipulated in the Settlement Agreement to judgment in the amount of $190,151.98, plus prejudgment interest at 18% per annum from the date of default, plus attorneys' fees and costs incurred, less any payments made in accordance with the Settlement Agreement.  After crediting defendant for the payments she made under the Settlement Agreement, the amount owed is $187,951.98, plus interest in the amount of $2,289.41, and attorneys' fees and costs in the amount of

---

[1] Although the court's order is titled "Order of Dismissal with Prejudice," the order makes clear that the claims against defendant Serrato are dismissed *without prejudice* and that the counterclaims brought by defendant Serrato are dismissed *with prejudice*.

$1,620.00[2], for a total amount of $191,861.39.  The exhibits attached to plaintiff's motion are incorporated into this order to provide the support for these amounts.

A district court may retain jurisdiction over a settlement agreement if the order of dismissal expresses an intent to retain jurisdiction or incorporates the settlement agreement.  *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Here, the court's order of dismissal clearly states an intention to retain jurisdiction and plaintiff's claims against defendant were dismissed without prejudice.  Accordingly the court may reinstate this case as to defendant Serrato and enforce the Settlement Agreement.  Plaintiff is entitled to entry of judgment against defendant Serrato in the principal amount of $190,151.98, plus interest in the amount of $2,289.41 and attorneys' fees in the amount of $1,620.00, less payments made in accordance with the Settlement Agreement of $2,200.00, for a total judgment amount of $191,861.39.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reinstate as to Janie Serrato and for Entry of Judgment Against Janie Serrato (Doc. 124) is granted.

**IT IS FURTHER ORDERED** that plaintiff is entitled to entry of judgment against defendant Serrato in the principal amount of $190,151.98, plus interest in the amount of $2,289.41 and attorneys' fees in the amount of $1,620.00, less payments made in accordance with the Settlement Agreement of $2,200.00, for a total judgment amount of $191,861.39.

Dated this 20th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[2]   The court reviewed plaintiff's request for attorneys' fees and determines that the billed hours and fees are reasonable.  Although the court would prefer more than a conclusory statement, the affidavit supplied by plaintiff does state that the hourly rates charged in this case are "within the normal standards of the legal community for the type of services performed," and the court has no reason to doubt this assertion.  In addition, plaintiff must normally comply with Local Rule 54.1 in requesting payment for costs.  However, after reviewing the documentation provided by plaintiff regarding its request for attorneys' fees and costs, it appears that the requested $1,620.00 amount does not include any costs.  As such, the court grants plaintiff's request for attorneys' fees in the full amount of $1,620.00.