## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK,

        Plaintiff,

v.          No. 10-2126-CM

ALL GENERAL LINES INSURANCE,
LLC, et al.,

        Defendants.

## MEMORANDUM AND ORDER

In light of the situation described in this court's June 27, 2013 order (Doc. 141), the court directed plaintiff and defendant Williams to file briefs discussing how the letters and documents filed by defendant Williams affect the court's order granting summary judgment (Doc. 133) and entry of judgment in favor of plaintiff (Doc. 135). After reviewing the briefs, the court finds that no changes to its order granting summary judgment and entry of judgment are necessary.

Defendant Williams's letters and attached documents do not comply with Local Rule 56.1 or Federal Rule of Civil Procedure 56. However, the court notes that defendant Williams proceeds pro se and that "'pro se litigants should not succumb to summary judgment merely because they fail to comply with technical requirements involved in defending such a motion.'" *See Jones v. Mineta*, No. 02-2392-JWL, 2004 WL 1534177, at *1 (D. Kan. July 8, 2004) (quoting *Boyd v. Unified Gov't of Kan. City*, No. 98-2439-KHV, 1999 WL 1467229, at *2 (D. Kan. Nov. 10, 1999)). Thus, the court thoroughly reviewed the letters and documents submitted by defendant Williams to determine whether genuine issues of material fact exist. Upon review, the court finds it must deem plaintiff's facts to be admitted for the purposes of plaintiff's summary judgment motion. *See Boyd*, 1999 WL 1467229, at

-1-

\*2 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (finding that although pro se pleadings are liberally construed, pro se litigants must still comply with the fundamental requirements of the Federal Rules of Civil Procedure)).

In her three letters and the attached documents (Doc. 143), defendant Williams fails to raise a genuine issue of material fact with respect to plaintiff's motion for summary judgment. Defendant Williams fails to bring forth sufficient facts disputing any of the elements of plaintiff's breach of contract claim. Defendant Williams does dispute that plaintiff owns her loan, and also disputes that plaintiff performed its obligations under her loan. However, defendant Williams fails to point to evidence in the record to support these conclusory statements. *See United States v. Applied Computer Servs.*, 5 F. Supp. 2d 1223, 1227–28 (D. Kan. 1998) (finding that conclusory statements were not enough to preclude summary judgment). And, upon review, the letters and documents in the record do not support defendant Williams's claims. In addition, defendant Williams admits to accepting at least $10,584 from plaintiff. (*See* Doc. 143 at 3.)

In her letters, defendant Williams chronicles her financial situation and the circumstances leading up to and surrounding the loan agreement at issue in this case. Although the facts put forth by defendant Williams are unfortunate, they do not raise a genuine issue of material fact with respect to plaintiff's motion for summary judgment or show that plaintiff is not entitled to judgment as a matter of law. After reviewing the briefs of both parties, the court determines that no changes are necessary to the court's summary judgment order or entry of judgment against defendant Williams. Finally, the court notes that defendant Williams's counterclaim is the only remaining claim in this case.

**IT IS THEREFORE ORDERED** that no changes are necessary to the court's order granting summary judgment against defendant Williams.

**IT IS FURTHER ORDERED** that no changes are necessary to the court's entry of judgment against defendant Williams.

Dated this 26th day of July, 2013, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
United States District Judge